State Court of Fulton County
**E-FILED**
24EV000913
1/31/2024 4:20 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of <u>Fulton</u> County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Chappell   Kelvin

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Family Dollar Stores of Georgia, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** <u>Courtnee S. Hood. Esq.</u>   **Bar Number** <u>112437</u>   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**   **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

State Court of Fulton County
**E-FILED**
24EV000913
1/31/2024 4:20 PM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KELVIN CHAPPELL,
   Plaintiff.

     v.

FAMILY DOLLAR STORES of GEORGIA, INC.,
   Defendant.

CIVIL ACTION FILE No: _____

## COMPLAINT FOR DAMAGES

COMES NOW, Kelvin Chappell, Plaintiff in the above-styled action, and hereby files this Complaint as follows:

### PRELIMINARY STATEMENT

Plaintiff files this Complaint against Defendant, pursuant to Georgia's Negligence Statute, O.C.G.A. § 51-1-1 *et seq.* to redress the violation of Plaintiff's state statutory rights in that the Defendant did recklessly, negligently, and unlawfully maintain their premises in such an unsafe manner that directly and proximately caused severe bodily injury to Plaintiff. Plaintiff seeks money damages to redress and remedy the violation of his state statutory rights as against Defendant pursuant to O.C.G.A. § 51-1-1 *et seq.*, as well as attorney's fees and costs. For his causes of action, Plaintiff respectfully shows the following:

1

## PARTIES, JURISDICTION, AND VENUE

1.

This action is brought pursuant to O.C.G.A. §51-1-1 *et seq.* to redress the deprivation of rights secured by Georgia law. As such, this Court has jurisdiction under the Constitution of the State of Georgia.

2.

Plaintiff Kelvin Chappell (hereinafter referred to as "Plaintiff") is an adult citizen and resident of DeKalb County, Georgia at all times relevant to this Complaint and is subject to and willfully avails himself of the jurisdiction and venue of this Honorable Court.

3.

Defendant Family Dollar Stores of Georgia, Inc. ("Defendant") is a foreign, for-profit, Georgia corporation licensed to do business in the State of Georgia and transacts business in Fulton County, Georgia, and therefore, is subject to the jurisdiction of this Court.  The Defendant may be served with a copy of the Summons and the Complaint through their registered agent, located in Fulton County, Prentice-Hall Corp System, Inc., 100 Peachtree St, Atlanta, GA, 30303.

4.

At all times relevant to this complaint, Defendant was engaged in the retail business, and in furtherance of that business, kept and maintained a place of business which, upon information and belief, is located 1830 SR-138E Conyers, GA 30013 wherein it operated a retail store and offered to the general public retail items for sale.  The general public was specifically invited to enter said store for the purchase of retail items.

2

5.

By virtue of the facts alleged herein, venue of this action is properly laid in this court. Defendant maintains its registered office in Fulton County, Georgia. Thus, venue is proper pursuant to O.C.G.A. § 14-2-510(a) and (b)(1).

## STATEMENT OF FACTS

6.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

7.

At the time of the events giving rise to this Complaint, Plaintiff was a business invitee and customer of Family Dollar located at 1830 SR-138E Conyers, GA 30013. At all times relevant to this action, Family Dollar, including the building itself and surrounding area, was owned, managed, operated, maintained, and controlled by Defendant.

8.

On or about January 9, 2023, Plaintiff entered onto Defendant's premises to shop and purchase certain merchandise, and therefore, Plaintiff occupied the status of a business invitee while on the premises of Defendant.

9.

At all times relevant to this Complaint, Defendant, its agents, servants and/or employees, owed Plaintiff a duty to keep its premises in a safe condition.

3

10.

As Plaintiff exited Defendant's store, Plaintiff suddenly and without warning, tripped and violently fell to the ground with great force, causing serious injury to his person.

11.

Unbeknownst to Plaintiff, prior to his fall, there existed on the ground where he fell pieces of concrete which caused him to fall to the ground.

12.

Upon information and belief, the Defendant, through their agents, employees, servants, and/or assigns, knew or in the exercise of reasonable caution should have known, there were concrete objects on the ground that presented a danger to invitees in the store such as Plaintiff.  It was foreseeable that a customer would trip and fall on the objects, and the Defendant failed to provide adequate warning to the public, including Kelvin Chappell, about the dangerous condition of the ground.  Plaintiff exhibited reasonable care but was unable to avoid injury because of Defendant's failure to properly warn customers about the existence of the hazardous and dangerous condition.

13.

As a result of the negligence of the Defendant, Plaintiff suffered serious injuries and damages including but not limited to his rib, shoulder, neck, and back.

14.

As a result of the negligence of the Defendant, Plaintiff suffered lost wages and a loss of earning capacity.

4

## BREACH OF DUTY TO REMEDY DANGEROUS CONDITION

15.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 14 above, as if fully set forth herein, and states as follows:

16.

Defendant, as owner/manager of the subject store and property referenced herein, owed Plaintiff a duty to keep the property in a safe condition, free from latent dangerous conditions, and in accordance with the applicable law, and with due regard, care, and concern for the safety of guests and customers of the store. Defendant had an affirmative duty to obey all laws of the State of Georgia and to refrain from endangering the health and safety of the Plaintiff.

17.

At all times relevant hereto and prior to any injuries to Plaintiff, the Defendant knew, or through the exercise of reasonable care should have known, that a hazard such as concrete objects on the ground of the premises existed and that customers/invitees were permitted to and expected to walk through the area where the hazardous condition existed.

18.

Prior to said time when Plaintiff sustained injuries, the Defendant was on actual and constructive notice that a hazard such as the concrete objects on the ground existed on the premises.

19.

Even though Defendant possessed such knowledge, it, by and through its employees, took no steps or actions, to either warn its customers and patrons of the existence of such a condition, or to timely

5

remove the concrete objects from the ground.

20.

Plaintiff was unaware of the objects on the ground, and it would not be possible for him to be aware of the subject hazard without proper warning by the Defendant.

21.

Defendant, through its agents, servants and/or employees, violated its duty by recklessly and negligently failing to properly repair dangerous conditions on their premises that should have been known through reasonable inspection.

22.

Defendant further violated their duties by failing to exercise reasonable and ordinary care to maintain the premises in a reasonably safe condition, and as a direct and proximate result, Plaintiff was seriously injured.

## BREACH OF DUTY TO PROPERLY REPAIR AND MAINTAIN PREMISES

23.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 22 above, as if fully set forth herein, and states as follows:

24.

Defendant had a duty to exercise reasonable and ordinary care to preserve, manage, and maintain the subject premises in a reasonably safe condition. The Defendant negligently and carelessly failed to reasonably manage the property and allowed an inherently dangerous hazard to remain on the premises.

6

25.

Defendant failed to carry out timely and regular inspections of the premises of Family Dollar or alternatively, carried out inspections but failed to warn the public of known hazards present upon inspection. The Defendants knew or should have known through the exercise of reasonable and ordinary care that it was likely that a customer such as the Plaintiff would be injured as a result of the dangerous condition on the premises, and such was a foreseeable consequence of their negligence.

26.

The Defendant violated that duty by failing to reasonably manage and maintain the premises to ensure that invitees such as the Plaintiff were not exposed to foreseeable and dangerous conditions such as the wet substance on the floor.

27.

Defendant negligently failed to inspect the premises and keep them safe, and negligently failed to have in place sufficient policies, practices, and procedures, which, in the exercise of ordinary care and diligence, would have prevented the occurrence of which Plaintiff complains.

28.

Defendant was negligent by failing to train and instruct its employees in the proper practices and procedures for inspecting and maintaining the premises where customers, like Plaintiff, would walk or use to enter and exit the store in order to keep the premises safe, passable and free of dangerous broken or loose objects

29.

As a direct and proximate result of the Defendant's, its agents, servants and/or employees,

7

negligence, the Plaintiff suffered severe injuries. The Defendant is liable for all damages allowed by law for the injuries, damages, and losses suffered by the Plaintiff.

DAMAGES

30.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

31.

As a result of Defendant's negligence, Plaintiffs state their intention to seek all special, compensatory, general, incidental, consequential, economic, and other damages permissible under the laws of the State of Georgia, including but not limited to:

1. Personal injuries
2. Pain and suffering
3. Mental anguish, fright, shock, and terror;
4. Future lost wages and earning capacity; and
5. Consequential damages to be proven at trial.

32.

As a direct and proximate result of the injuries sustained in the incident, Plaintiff has been required to receive medical treatment and may be required to receive further medical attention and treatment in the future. Plaintiff Kelvin Chappell has to date incurred medical expenses in the amount of $11,464.01 to Piedmont Hospital, $4,800.00 to Advanced Imaging Centers, $47,063.46 to Ortho Sport & Spine, $2,362.50 to Clear Imaging College Park, and $14,536.65 to Hope Neurological &

Medical Services.  Plaintiff is entitled to recover from Defendant damages for past and future medical expenses, the exact amount to be proven at trial.

33.

As a direct and proximate result of the negligence of the Defendant, Plaintiff sustained serious injuries, incurred past and future medical expenses, past and future travel expenses, past and future pain and suffering, and past and future loss of enjoyment of life. Plaintiff is further entitled to recover any and all other general damages proximately caused by Defendant's negligence.

34.

As a direct and proximate result of the negligence of the Defendant, Plaintiff sustained loss of income, incurred past and future lost wages and, past and future loss of earning capacity. Plaintiff is further entitled to recover any and all other general damages proximately caused by Defendant's negligence.

32.

Plaintiff is also entitled to recover other necessary expenses against the Defendant resulting from its negligence.

<u>TRIAL BY JURY</u>

WHEREFORE, Plaintiff prays as follows:

(a) That process issue to Defendant as required by law;

(b) That Plaintiff has judgment against Defendant, in an amount to be proven at trial, for past and future medical expenses;

(c) That Plaintiff has judgment against Defendant in an amount to be determined at trial for past, present and future pain and suffering in an amount as determined by the jury at trial;

9

(d)     That Plaintiff has judgment against Defendant, in an amount to be determined by an enlightened conscience of a jury at trial, for reduced earning capacity and/or lost wages;

(e)     That Plaintiff be awarded reasonable attorney's fees;

(f)     That Plaintiff has a trial by jury on all issues so triable; and

(g)     That Plaintiff has such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted, this __31st__ day of January, 2024.

W. CALVIN SMITH, II, P.C.

Courtnee Hood
Georgia Bar #112437
*Attorney for Plaintiff*

W. Calvin Smith, II, P.C.
3560 Lenox Road, NE, Suite 3020
Atlanta, GA 30326
Phone: (404) 842-0999
Fax: (404) 836-3465
Email: chood@calvinsmithlaw.com

10

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV000913**
**2/15/2024 3:56 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

Kelvin Chappell
_____

3009 Rainbow Drive
_____

Decatur, GA 30034
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Family Dollar Stores of Georgia, Inc.
_____

100 Peachtree St.
_____

Atlanta   Georgia        30303
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

   You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Courtnee S. Hood, Esq.
_____

Address: 3560 Lenox Rd N.E. Suite 3020
_____

City, State, Zip Code: Atlanta, Georgia 30326 _____   Phone No.: 404-842-0999 _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV000913**
**4/10/2024 4:56 PM**
**Donald Talley, Clerk**
**Civil Division**

## AFFIDAVIT OF SERVICE

| Case:<br>24EV000913 | Court:<br>IN THE STATE COURT OF FULTON COUNTY<br>STATE OF GEORGIA | County:<br>FULTON | Job:<br>10777282 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>KELVIN CHAPPELL | | Defendant / Respondent:<br>FAMILY DOLLAR STORES OF GEORGIA, INC. | |
| Received by:<br>Lorenzo Kenerson | | For:<br>Calvin Smith Law | |
| To be served upon:<br>FAMILY DOLLAR STORES OF GEORGIA, INC. | | | |

I, Lorenzo Kenerson, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   FAMILY DOLLAR STORES OF GEORGIA, INC., 289 South Culver Street, Lawrenceville, GA 30046

Manner of Service:   Registered Agent, Apr 3, 2024, 8:45 am EDT

Documents:   Summons and Complaint for Damages

Additional Comments:

1) Successful Attempt: Apr 3, 2024, 8:45 am EDT at 289 South Culver Street, Lawrenceville, GA 30046 received by LINDA BANKS at C.T. Corporation System for FAMILY DOLLAR STORES OF GEORGIA, INC..

_____   4/5/24
Lorenzo Kenerson                          Date

Lorenzo Kenerson
3301 Buckeye Rd Suite 303
Atlanta, GA 30341
404-876-8098

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public
                                                   4/5/24
Date

Commission Expires

MARC ALLARD
NOTARY
EXPIRES
NOV 7, 2027
PUBLIC
GWINNETT COUNTY, GA



## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**Administrative Order No. 24EX000001**

## IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings.

**IT IS HEREBY ORDERED** that the following persons:

ADCOCK, KYLE
AGUIRRE, ANTUAN
ALLEN, LAKEITA T.
ANDERSON, WILLIAM
ANDREWS, GENE E.
ANSCHUTZ, EDWIN J.
ARMSTRONG, CHRISTOPHER
ARMSTRONG, CYNARA J.
ARMSTRONG, MICHAEL C.
ARMSTRONG, MICHELLE D.
BACKO, MUSTAFA
BAILEY, ANNA
BANKS, RANDY E.
BARNES, KRISTOPHER K.
BARNEY, STEVEN M.
BARRON, SHANE W.
BASHAM, JAMES S.
BENITO, RICHARD
BENITO, RICHARD DALTON
BETHEL, VAQUISHA
BEYENE, EUAEL B.
BLACKENEY, KRISTIAN J.
BLALOCK, JAMES S.P.
BOLLING, KATHERINE
BRAZEMORE, CRAIG P.
BRIDGES, KAYLA D.
BRILEY, DONNIE C.
BROWN, IRISH
BROWNLEE, SAVSHYWA
BRYANT, SHEMIKA
BUNCH, KIM
BURDICK, PAUL THOMAS
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CAMPBELL, DANIELLE D.
CHASTAIN, MICAHEL A.
CHILDRESS, CLIFTON
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE D.
CUNNINGHAM, SALLY K.
DALMON, JONATHAN B.
DAMBACH-CIRKO, PATRICIA
DANIELS, SONIA L.
DAVIDSON, DANNY D.
DAVIDSON, MITCHELL
DAY, DUANE
DERRICHO, DAVID E.
DOLBIER, JEFFREY A.
EARTHRISE, ROCHELLE
ECHOLS, ERIC D.
ECHOLS, PATRICIA
ELLIOTT, MAURICE

FARKAS, BELA
FAULKNER, DANA
FAZZIO, DEDREA
FERGUSON, REGINALD
FERRERO, AMY
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FLETCHER, NIA
FLOYD, ANTON D.
FOLDS, CATHERINA P.
FOLDS, GEORGE L.
FOX, JUHANI ALLEN
FREESE, JESSICA
FULLER, THOMAS W.
GALVIN, ELIZABETH
GARMON, JASON
GAYLE, EARL
GEORGE, RANDAL LEE
GIBBS III, THOMAS D.
GILES, HERBERT
GREENWAY, KIMBERLY
HANDLEY, WILEY D.
HARBUCK, MICHAEL A.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN
HASSAN, MUHSIN S.
HERNANDEZ, BRYAN C.
HICKS, ANDREW A.
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HILL, LISA W.
HINES, JAMES
HORTON, CHRISTOPHER
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY, CK ADONNI
HUNTER, JERMARCUS D.
IRVINE, ELIZABETH M.
IRVINE, XAVIER
JACKSON II, ANTHONY
JACKSON, CHIQUITA
JAMES, FRANK HUGH
JENKINS, STEPHANIE
JOHNSON, EARL
KAHSSU, HAILE
KENERSON JR., LORENZO
KING, AMOS
KIRKLAND, SHIRLEY P.
KOTLAR, MICHAEL J.
LAUSMAN, MARSHA
LAWSON, ZURI M.
LEWIS, KEVIN J.
LINDLEY, RACHEL
LOUIS, CLYDE A.

LUSTER, JERALD
MAGGARD, ANDREW
MALLAS, NICHOLAS A.
MATHES, GABRIELLE
MCALLISTER, ARLEATHEA
MCCLELLAN, RODNEY
MCGAHEE, LARRY L.
MCMILLON, ERICKA D.
MITCHELL, KEVIN J.
MOORE, BRAD
MORGAN, TODD
MURPHY JR., GREGORY
MURRAH, JANQUALO
NOLEN, MILTON
NGUYEN, JAMES TAT
O'BRIEN, CHRISTOPHER
O'LEARY, CHRISTINE L.
PACE, LATARSHA N.
PANNELL, NICOLE D.
PARKER, ATARI
PARKER, ERNESQUESHIA
PERLSON, MARC
RANSOME, MAURICE
RASHID, HASSAN M.
RECKERSDREES, THOMAS
REDDICK, DEREK L.
REYES, REAGAN
RHODES, KATHRYN D.
RICHARDSON, CLARK
RICHARDSON, LEROY
RIVERS, MICHAEL
RUDDOCK, MARGARET
SAXON, JASMINE N.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA
SEKLECKI, CHRISTIAN
SINGLETARY, SAMUEL W.
SINGLETON, WANDA M.
SINGLETON, WESLEY
SISTRUNK, ALESHA
SMITH JR., BRUCE R.
SMITH, RONALD L.
SMITH, VIRGINIA E.C.
SNELLIN, SHARON E.
SPEARS, JOYE L.
SPELLEN, GEOFFREY
STEPHENS, GERI S.
STEWART, RONNIE N.
STIGGERS, JAMES L.
STONE, RODNEY D.
STOVER, CIERRA B.
SWINDLE, FRANK
SWINGER, INA L.
TASSAW, BERHANE

TASSAW, SEMIYEA
TATUM, KRISTI
THOMAS, JEFFREY A.
THOMPSON, VANESSA
THRASH, NANCY M.
TIBBS, MARIAH
TORT, HENRY
TURNER, TRAVIS
VELASQUEZ, JULIUS
WATT II, ROOSEVELT
WEST, ERIC NOEL
WINKELMAN, NAN I.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2024, without the necessity of an order for appointment in each individual case.

**SO ORDERED,** this 1st day of January, 2024.



Chief Judge Wesley B. Tailor
State Court of Fulton County

State Court of Fulton County
**E-FILED**
24EV000913
5/9/2024 2:36 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KELVIN CHAPPELL,                          *
                                          *
          Plaintiff,                      *
                                          *
v.                                        *    CASE NO: 24EV000913
                                          *
FAMILY DOLLAR STORES                      *
OF GEORGIA, INC.,                         *    JURY DEMANDED
                                          *
          Defendant.                      *

### ANSWER AND DEFENSES OF DEFENDANT
### FAMILY DOLLAR STORES OF GEORGIA, INC.

COMES NOW, the Defendant, Family Dollar Stores of Georgia, Inc. ("Family Dollar Inc."), by and through counsel, and in answer to Plaintiff's Complaint for Damages on behalf of itself as an improperly named entity states as follows:

### FIRST DEFENSE

In response to the specifically enumerated paragraphs of Plaintiff's Complaint for Damages, Family Dollar Inc. states as follows:

### PRELIMINARY STATEMENT

To the extent this unenumerated paragraph requires or implicates a response by Family Dollar Inc., the allegations contained in Plaintiff's Preliminary Statement contained in Plaintiff's Complaint for Damages are denied.

### PARTIES, JURISDICTION, AND VENUE

1.     Family Dollar Inc. denies the allegations contained in Paragraph No. 1 of Plaintiff's Complaint for Damages.

2.     Family Dollar Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of Plaintiff's Complaint for Damages,

which therefore stand denied.

3.      Family Dollar Inc. denies the allegations contained in Paragraph No. 3 of Plaintiff's Complaint for Damages, particularly because Family Dollar Inc. is an improper party as it neither owned  nor had control over the premises where plaintiff was allegedly injured and as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

4.      Family Dollar Inc. denies the allegations contained in Paragraph No. 4 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

5.      Family Dollar Inc. denies the allegations contained in Paragraph No. 5 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

## STATEMENT OF FACTS

6.      Family Dollar Inc. reasserts and re-alleges the answers and defenses contained in paragraphs 1-5 above, as if fully stated herein.

7.      Family Dollar Inc. denies the allegations contained in Paragraph No. 7 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

8.      Family Dollar Inc. denies the allegations contained in Paragraph No. 8 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned

nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

9.      Family Dollar Inc. denies the allegations contained in Paragraph No. 9 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

10.     Family Dollar Inc. denies the allegations contained in Paragraph No. 10 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

11.     Family Dollar Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11 of Plaintiff's Complaint for Damages, which therefore stand denied, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

12.     Family Dollar Inc. denies the allegations contained in Paragraph No. 12 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

13.     Family Dollar Inc. denies the allegations contained in Paragraph No. 13 of

Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

14.     Family Dollar Inc. denies the allegations contained in Paragraph No. 14 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

## BREACH OF DUTY TO REMEDY DANGEROUS CONDITION

15.     Family Dollar Inc. reasserts and re-alleges the answers and defenses contained in paragraphs 1-14 above, as if fully stated herein.

16.     Family Dollar Inc. denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

17.     Family Dollar Inc. denies the allegations contained in Paragraph No. 17 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

18.     Family Dollar Inc. denies the allegations contained in Paragraph No. 18 of

Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

19.     Family Dollar Inc. denies the allegations contained in Paragraph No. 19 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

20.     Family Dollar Inc. denies the allegations contained in Paragraph No. 20 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

21.     Family Dollar Inc. denies the allegations contained in Paragraph No. 21 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

22.     Family Dollar Inc. denies the allegations contained in Paragraph No. 22 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A.

§ 9-11-12.

## BREACH OF DUTY TO PROPERLY REPAIR AND MAINTAIN PREMISES

23.     Family Dollar Inc. reasserts and re-alleges the answers and defenses contained in paragraphs 1-22 above, as if fully stated herein.

24.     Family Dollar Inc. denies the allegations contained in Paragraph No. 24 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

25.     Family Dollar Inc. denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

26.     Family Dollar Inc. denies the allegations contained in Paragraph No. 26 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

27.     Family Dollar Inc. denies the allegations contained in Paragraph No. 27 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A.

§ 9-11-12.

28.     Family Dollar Inc. denies the allegations contained in Paragraph No. 28 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

29.     Family Dollar Inc. denies the allegations contained in Paragraph No. 29 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

## DAMAGES

30.     Family Dollar Inc. reasserts and re-alleges the answers and defenses contained in paragraphs 1-29 above, as if fully stated herein.

31.     Family Dollar Inc. denies the allegations contained in Paragraph No. 31 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

32.     Family Dollar Inc. denies the allegations contained in Paragraph No. 32 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A.

§ 9-11-12.

33.     Family Dollar Inc. denies the allegations contained in Paragraph No. 33 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

34.     Family Dollar Inc. denies the allegations contained in Paragraph No. 34 of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

32 (sic). Family Dollar Inc. denies the allegations contained in Paragraph No. 32 (sic) of Plaintiff's Complaint for Damages, particularly because on January 9, 2023, Family Dollar Inc. nether owned nor had control over the premises where the Plaintiff was allegedly injured as such, Family Dollar Inc. is an improper party to this case and should be dismissed pursuant to O.C.G.A. § 9-11-12.

## SECOND DEFENSE

Family Dollar Inc. asserts that Plaintiff's Complaint for Damages fails to state a claim upon which relief can be granted, and, therefore, should be dismissed.

## THIRD DEFENSE

Plaintiff so carelessly and negligently conducted herself that she, by her own negligence, contributed directly and proximately to her own injuries. Plaintiff's fault is greater than that of Family Dollar Inc., if Family Dollar Inc.is at fault at all, and therefore, Plaintiff should recover

nothing from Family Dollar Inc. In the alternative, Plaintiff's damages should be reduced in proportion to the percentage of negligence attributed to her.

## FOURTH DEFENSE

Family Dollar Inc. pleads comparative fault in mitigation or bar of any recovery by Plaintiff against Family Dollar Inc., if any. Specifically, Family Dollar Inc. avers Plaintiff's own acts or omissions were such that they constitute negligence which caused or contributed to cause the accident and injuries alleged in the Complaint for Damages.

## FIFTH DEFENSE

Plaintiff's own comparative negligence in failing to maintain a lookout and/or use ordinary and reasonable care caused or otherwise contributed to her accident and bars her recovery in this case.

## SIXTH DEFENSE

Plaintiff had equal or superior knowledge of the alleged hazardous condition and, as such, Family Dollar Inc. cannot be held liable.

## SEVENTH DEFENSE

Family Dollar Inc. and its agents, employees, and representatives did not breach any duty of care owed to Plaintiff.  Family Dollar Inc. exercised due care and diligence in all of the matters alleged.

## EIGHTH DEFENSE

No act or omission of Family Dollar Inc. was the proximate cause of any damage, injury, or loss to Plaintiff.

## NINTH DEFENSE

Plaintiff failed to take reasonable steps to minimize or prevent the damages she claimed to

9

have suffered.

### TENTH DEFENSE

Plaintiff has failed to state a claim for negligent training upon which relief can be granted.

### ELEVENTH DEFENSE

Family Dollar Inc. denies that it is a proper party to this action because Family Dollar Inc. was not an "owner" or "occupier" of land within the provision of O.C.G.A. § 51-3-1.

### TWELFTH DEFENSE

Family Dollar Inc. denies that it is a proper party to this action because Family Dollar Inc. was not an owner or occupier of the subject premises on January 9, 2023.

### THIRTEENTH DEFENSE

Plaintiff's Complaint for Damages should be dismissed for lack of personal jurisdiction over Family Dollar Inc. since Family Dollar Inc. was not an owner or occupier of the premises where Plaintiff alleges he fell on January 9, 2023.

### FOURTEENTH DEFENSE

Family Dollar Inc. asserts that venue is improper as to Family Dollar Inc. in the State Court of Fulton County, Georgia since Family Dollar Inc. was not the owner or occupier of the premises where Plaintiff alleges he fell on January 9, 2023.

### FIFTEENTH DEFENSE

All allegations not heretofore admitted, explained, or denied are here and now denied as set forth as though specifically denied therein.

### SIXTEENTH DEFENSE

Family Dollar Inc. reserves the right to amend its Answer to include such other and further defenses that later may become apparent through further investigation and discovery.

**WHEREFORE**, Family Dollar Inc. respectfully prays as follows:

a)      Plaintiff's Complaint for Damages be dismissed on the grounds set forth above and all costs cast against Plaintiff;

b)      In the alternative, that judgment be granted in favor of Family Dollar Inc. on all counts;

c)      That Family Dollar Inc. have a trial by twelve (12) jurors, as the law provides; and

d)  For such other and further relief that the Court deems just and proper.

This 9 day of May, 2024.

Respectfully submitted,

**CARR ALLISON**

By: ___/s/ Sean W. Martin_____
       **SEAN W. MARTIN, GA BAR #474125**
       *Attorneys for Defendant Family Dollar Stores*
       *of Georgia, Inc.*
       736 Market St., Suite 1320
       Chattanooga, TN 37402
       (423) 648-9832 / (423) 648-9869 FAX
       swmartin@carrallison.com

       **MEGAN E. HARSH, GA BAR #432986**
       *Attorneys for Defendant Family Dollar Stores*
       *of Georgia, Inc.*
       125 Townpark Drive, Suite 300
       Kennesaw, GA 30144
       (470) 300-2334 / (205) 822-2057 FAX
       mharsh@carrallison.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, do hereby certify that on May 9, 2024 the foregoing document was electronically filed with the Clerk of Court using Electronic Filing system, which will automatically send email notification of such filing to the following:

Courtnee Hood
W. Calvin Smith, II, PC
3560 Lenox Rd. NE, Suite 3020
Atlanta, GA 30326

By: ___/s/ Sean W. Martin_____
        **SEAN W. MARTIN, GA BAR #474125**
        **MEGAN E. HARSH, GA BAR #432986**

State Court of Fulton County
**E-FILED**
24EV000913
6/13/2024 8:56 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KELVIN CHAPPELL,
    Plaintiff.

       v.

FAMILY DOLLAR STORES OF
GEORGIA, INC.,
    Defendant.

CIVIL ACTION FILE No: <u>24EV000913</u>

---

### RULE 5.2 CERTIFICATE OF FILING DISCOVERY
### AND CERTIFICATE OF SERVICE

Pursuant to Superior Court Rule 5.2, this is to certify that I have this day served a copy of **PLAINTIFF'S FIRST INTERROGATORIES AND PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO.** to Defendant at the following address:

**Sean W. Martin, Esq.**
**Megan E. Harsh, Esq.**
**125 Town Park Drive, Suite 300**
**Kennesaw, GA 30144**
<u>swmartin@carrallison.com</u>
<u>mharsh@carrallison.com</u>

Respectfully submitted, this <u>13</u>[th] day of June 2024.

**W. CALVIN SMITH, II, P.C.**

Courtnee Hood
Georgia Bar #112437
Attorney for Plaintiff

3560 Lenox Road, NE, Suite 3020
Atlanta, GA 30326
Phone: (404) 842-0999
Fax: (404) 836-3465
Email: chood@calvinsmithlaw.com

State Court of Fulton County
**E-FILED**
24EV000913
6/25/2024 11:43 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KELVIN CHAPPELL,
    Plaintiff.

       v.

FAMILY DOLLAR STORES OF
GEORGIA, INC.,
    Defendant.

CIVIL ACTION FILE No: <u>24EV000913</u>

## CONSENT MOTION TO SUBSTITUTE PARTY DEFENDANT

COMES NOW, the parties in the above-captioned case, by and through undersigned counsel, and file this Consent Motion to substitute Family Dollar Stores of Georgia, LLC as a party Defendant in this action pursuant to O.C.G.A. § 9-11-15, and to dismiss Family Dollar Stores of Georgia, Inc. pursuant to O.C.G.A. § 9-11-41 and show this Court as follows:

1.

The Complaint in this action was filed on January 31, 2024. Said Complaint named Family Dollar Stores of Georgia, Inc. as Defendant in this action.

2.

Family Dollar Stores of Georgia, Inc. is not the correct party.

3.

Family Dollar Stores of Georgia, Inc. was served with a copy of the Summons and Complaint in this action on April 10, 2024 and timely filed an Answer on May 9, 2024.

4.

The parties have agreed, and hereby move the Court, to substitute Family Dollar Stores of Georgia, LLC., as a Defendant in the place of Defendant Family Dollar Stores of Georgia, Inc. in this civil action.

5.

By and through undersigned counsel, Family Dollar Stores of Georgia, LLC hereby waives issuance of a summons and acknowledges service of process of Plaintiff's Complaint as of the date of this Order, but does not waive any other defenses. The time within which Family Dollar Stores of Georgia, LLC must Answer the Complaint shall begin to run as of the date of the entry of this Order.

6.

The parties further request that the Court issue an order the Family Dollar Stores of Georgia, Inc is dismissed without prejudice as Defendant in this action pursuant to O.C.G.A. § 9-11-41, that the case proceed against Family Dollar Stores of Georgia, LLC and that the style of the case be amended to reflect the substitution.


Respectfully submitted, this 25th day of June, 2024.

**W. CALVIN SMITH, II, P.C.**

*/s/ Courtnee S. Hood*
Courtnee S. Hood, Esq.
Georgia Bar No. 112437
Attorney for Plaintiff
chood@calvinsmithlaw.com

3560 Lenox Road
Suite 3020
Atlanta, GA 30326
Tel: 404-842-0999

**CARR ALLISON**
/s/ Megan E. Harsh
Megan E. Harsh
Georgia Bar No. 432986
Attorney for Defendant
mharsh@carrallison.com
(Signed by Courtnee Hood w/ express permission)

125 Townpark Drive, Suite 300
Kennesaw, GA 30144
(470) 300-2334 / (205) 822-2057

State Court of Fulton County
**E-FILED**
24EV000913
6/25/2024 11:43 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KELVIN CHAPPELL,
    Plaintiff.

v.

FAMILY DOLLAR STORES OF
GEORGIA, INC.,
    Defendant.

CIVIL ACTION FILE No: <u>24EV000913</u>

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing parties in the foregoing matter with a copy of Consent Motion to Substitute Party Defendant and Proposed Order via e-file, email and/or by mailing to the following addresses with sufficient postage affixed thereto:

**Megan E. Harsh, Esq.**
**125 Town Park Drive, Suite 300**
**Kennesaw, GA 30144**
**mharsh@carrallison.com**

Respectfully submitted, this <u>25</u>th day of June, 2024.

Courtnee S. Hood, Esq.
Georgia Bar No. 112437
Attorney for Plaintiff
chood@calvinsmithlaw.com

W. CALVIN SMITH, II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, GA 30326
Tel: 404-842-0999
Fax: 404-836-3465

**State Court of Fulton County**
**\*\*E-FILED\*\***
24EV000913
6/25/2024 11:43 AM
Donald Talley, Clerk
Civil Division

## IN IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KELVIN CHAPPELL,
  Plaintiff.

    v.

FAMILY DOLLAR STORES OF
GEORGIA, INC.,
  Defendant.

CIVIL ACTION FILE No: <u>24EV000913</u>

---

### ORDER GRANTING MOTION TO SUBSTITUTE PARTY DEFENDANT AND
### DISMISS FAMILY DOLLAR STORES OF GEORGIA, INC.

---

For good cause shown, and with the consent of all parties, IT IS HEREBY ORDERED, that Family Dollar Stores, LLC is hereby substituted for Defendant Family Dollar Stores of Georgia, Inc. in the above-styled case.

Plaintiff is ordered to file an amended complaint and serve the same upon counsel for Defendant Family Dollar Stores, LLC, who shall in turn file their answer. Family Dollar Stores of Georgia, LLC has agreed to waive issuance of a summons and service of process and shall not raise any defenses based on the summons, service, or service of process.

SO ORDERED, this _____ day of _____, 2024.

_____
Honorable Judge John R. Mather
State Court of Fulton County

Proposed Order prepared and submitted by:

*/s/ Courtnee S. Hood*

Courtnee S. Hood, Esq.
Georgia Bar No. 112437
W. Calvin Smith, II, P.C.
3560 Lenox Road NE, Suite 3020
Atlanta, Georgia 30326
Phone: (404) 842-0999
Fax: (404) 842-1498

State Court of Fulton County
**E-FILED**
24EV000913
6/25/2024 2:55 PM
Donald Talley, Clerk
Civil Division

## IN IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KELVIN CHAPPELL,
   Plaintiff.

      v.

FAMILY DOLLAR STORES OF
GEORGIA, INC.,
   Defendant.

CIVIL ACTION FILE No: 24EV000913

# GRANTED

---

## ORDER GRANTING MOTION TO SUBSTITUTE PARTY DEFENDANT AND DISMISS FAMILY DOLLAR STORES OF GEORGIA, INC.

---

For good cause shown, and with the consent of all parties, IT IS HEREBY ORDERED, that Family Dollar Stores, LLC is hereby substituted for Defendant Family Dollar Stores of Georgia, Inc. in the above-styled case.

Plaintiff is ordered to file an amended complaint and serve the same upon counsel for Defendant Family Dollar Stores, LLC, who shall in turn file their answer. Family Dollar Stores of Georgia, LLC has agreed to waive issuance of a summons and service of process and shall not raise any defenses based on the summons, service, or service of process.

6/25/2024

SO ORDERED, this _____ day of _____, 2024.

Honorable Judge John R. Mather
State Court of Fulton County

Proposed Order prepared and submitted by:

*/s/ Courtnee S. Hood*

Courtnee S. Hood, Esq.
Georgia Bar No. 112437
W. Calvin Smith, II, P.C.
3560 Lenox Road NE, Suite 3020
Atlanta, Georgia 30326
Phone: (404) 842-0999
Fax: (404) 842-1498

State Court of Fulton County
**E-FILED**
24EV000913
7/8/2024 3:07 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KELVIN CHAPPELL,
    Plaintiff.

      v.

FAMILY DOLLAR STORES of GEORGIA, LLC.,
    Defendant.

CIVIL ACTION FILE No: __24EV000913__

---

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Kelvin Chappell, Plaintiff in the above-styled action, and hereby files this Amended Complaint as follows:

### PRELIMINARY STATEMENT

Plaintiff files this Complaint against Defendant, pursuant to Georgia's Negligence Statute, O.C.G.A. § 51-1-1 *et seq.* to redress the violation of Plaintiff's state statutory rights in that the Defendant did recklessly, negligently, and unlawfully maintain their premises in such an unsafe manner that directly and proximately caused severe bodily injury to Plaintiff. Plaintiff seeks money damages to redress and remedy the violation of his state statutory rights as against Defendant pursuant to O.C.G.A. § 51-1-1 *et seq.*, as well as attorney's fees and costs. For his causes of action, Plaintiff respectfully shows the following:

1

## PARTIES, JURISDICTION, AND VENUE

1.

This action is brought pursuant to O.C.G.A. §51-1-1 *et seq*. to redress the deprivation of rights secured by Georgia law. As such, this Court has jurisdiction under the Constitution of the State of Georgia.

2.

Plaintiff Kelvin Chappell (hereinafter referred to as "Plaintiff") is an adult citizen and resident of DeKalb County, Georgia at all times relevant to this Complaint and is subject to and willfully avails himself of the jurisdiction and venue of this Honorable Court.

3.

Defendant Family Dollar Stores of Georgia, LLC. ("Defendant") is a foreign limited liability company, licensed to do business in the State of Georgia and transacts business in Fulton County, Georgia, and therefore, is subject to the jurisdiction of this Court.  The Defendant may be served with a copy of the Summons and the Complaint through their registered agent, located in Gwinnett County, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

4.

At all times relevant to this complaint, Defendant was engaged in the retail business, and in furtherance of that business, kept and maintained a place of business which, upon information and belief, is located 1830 SR-138E Conyers, GA 30013 wherein it operated a retail store and offered to the general public retail items for sale.  The general public was specifically invited to enter said store for the purchase of retail items.

2

5.

By virtue of the facts alleged herein, venue of this action is properly laid in this court. Defendant maintains its registered office in Fulton County, Georgia. Thus, venue is proper pursuant to O.C.G.A. § 14-2-510(a).

## STATEMENT OF FACTS

6.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

7.

At the time of the events giving rise to this Complaint, Plaintiff was a business invitee and customer of Family Dollar located at 1830 SR-138E Conyers, GA 30013. At all times relevant to this action, Family Dollar, including the building itself and surrounding area, was owned, managed, operated, maintained, and controlled by Defendant.

8.

On or about January 9, 2023, Plaintiff entered onto Defendant's premises to shop and purchase certain merchandise, and therefore, Plaintiff occupied the status of a business invitee while on the premises of Defendant.

9.

At all times relevant to this Complaint, Defendant, its agents, servants and/or employees, owed Plaintiff a duty to keep its premises in a safe condition.

3

10.

As Plaintiff exited Defendant's store, Plaintiff suddenly and without warning, tripped and violently fell to the ground with great force, causing serious injury to his person.

11.

Unbeknownst to Plaintiff, prior to his fall, there existed on the ground where he fell pieces of concrete which caused him to fall to the ground.

12.

Upon information and belief, the Defendant, through their agents, employees, servants, and/or assigns, knew or in the exercise of reasonable caution should have known, there were concrete objects on the ground that presented a danger to invitees in the store such as Plaintiff. It was foreseeable that a customer would trip and fall on the objects, and the Defendant failed to provide adequate warning to the public, including Kelvin Chappell, about the dangerous condition of the ground. Plaintiff exhibited reasonable care but was unable to avoid injury because of Defendant's failure to properly warn customers about the existence of the hazardous and dangerous condition.

13.

As a result of the negligence of the Defendant, Plaintiff suffered serious injuries and damages including but not limited to his rib, shoulder, neck, and back.

14.

As a result of the negligence of the Defendant, Plaintiff suffered lost wages and a loss of earning capacity.

4

## BREACH OF DUTY TO REMEDY DANGEROUS CONDITION

15.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 14 above, as if fully set forth herein, and states as follows:

16.

Defendant, as owner/manager of the subject store and property referenced herein, owed Plaintiff a duty to keep the property in a safe condition, free from latent dangerous conditions, and in accordance with the applicable law, and with due regard, care, and concern for the safety of guests and customers of the store. Defendant had an affirmative duty to obey all laws of the State of Georgia and to refrain from endangering the health and safety of the Plaintiff.

17.

At all times relevant hereto and prior to any injuries to Plaintiff, the Defendant knew, or through the exercise of reasonable care should have known, that a hazard such as concrete objects on the ground of the premises existed and that customers/invitees were permitted to and expected to walk through the area where the hazardous condition existed.

18.

Prior to said time when Plaintiff sustained injuries, the Defendant was on actual and constructive notice that a hazard such as the concrete objects on the ground existed on the premises.

19.

Even though Defendant possessed such knowledge, it, by and through its employees, took no steps or actions, to either warn its customers and patrons of the existence of such a condition, or to timely remove

5

the concrete objects from the ground.

20.

Plaintiff was unaware of the objects on the ground, and it would not be possible for him to be aware of the subject hazard without proper warning by the Defendant.

21.

Defendant, through its agents, servants and/or employees, violated its duty by recklessly and negligently failing to properly repair dangerous conditions on their premises that should have been known through reasonable inspection.

22.

Defendant further violated their duties by failing to exercise reasonable and ordinary care to maintain the premises in a reasonably safe condition, and as a direct and proximate result, Plaintiff was seriously injured.

## BREACH OF DUTY TO PROPERLY REPAIR AND MAINTAIN PREMISES

23.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 22 above, as if fully set forth herein, and states as follows:

24.

Defendant had a duty to exercise reasonable and ordinary care to preserve, manage, and maintain the subject premises in a reasonably safe condition. The Defendant negligently and carelessly failed to reasonably manage the property and allowed an inherently dangerous hazard to remain on the premises.

6

25.

Defendant failed to carry out timely and regular inspections of the premises of Family Dollar or alternatively, carried out inspections but failed to warn the public of known hazards present upon inspection. The Defendants knew or should have known through the exercise of reasonable and ordinary care that it was likely that a customer such as the Plaintiff would be injured as a result of the dangerous condition on the premises, and such was a foreseeable consequence of their negligence.

26.

The Defendant violated that duty by failing to reasonably manage and maintain the premises to ensure that invitees such as the Plaintiff were not exposed to foreseeable and dangerous conditions such as the wet substance on the floor.

27.

Defendant negligently failed to inspect the premises and keep them safe, and negligently failed to have in place sufficient policies, practices, and procedures, which, in the exercise of ordinary care and diligence, would have prevented the occurrence of which Plaintiff complains.

28.

Defendant was negligent by failing to train and instruct its employees in the proper practices and procedures for inspecting and maintaining the premises where customers, like Plaintiff, would walk or use to enter and exit the store in order to keep the premises safe, passable and free of dangerous broken or loose objects

29.

As a direct and proximate result of the Defendant's, its agents, servants and/or employees,

7

negligence, the Plaintiff suffered severe injuries. The Defendant is liable for all damages allowed by law for the injuries, damages, and losses suffered by the Plaintiff.

DAMAGES

30.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

31.

As a result of Defendant's negligence, Plaintiffs state their intention to seek all special, compensatory, general, incidental, consequential, economic, and other damages permissible under the laws of the State of Georgia, including but not limited to:

1. Personal injuries

2. Pain and suffering

3. Mental anguish, fright, shock, and terror;

4. Future lost wages and earning capacity; and

5. Consequential damages to be proven at trial.

32.

As a direct and proximate result of the injuries sustained in the incident, Plaintiff has been required to receive medical treatment and may be required to receive further medical attention and treatment in the future. Plaintiff Kelvin Chappell has to date incurred medical expenses in the amount of $11,464.01 to Piedmont Hospital, $4,800.00 to Advanced Imaging Centers, $47,063.46 to Ortho Sport & Spine, $2,362.50 to Clear Imaging College Park, and $14,536.65 to Hope Neurological &

Medical Services.  Plaintiff is entitled to recover from Defendant damages for past and future medical expenses, the exact amount to be proven at trial.

33.

As a direct and proximate result of the negligence of the Defendant, Plaintiff sustained serious injuries, incurred past and future medical expenses, past and future travel expenses, past and future pain and suffering, and past and future loss of enjoyment of life. Plaintiff is further entitled to recover any and all other general damages proximately caused by Defendant's negligence.

34.

As a direct and proximate result of the negligence of the Defendant, Plaintiff sustained loss of income, incurred past and future lost wages and, past and future loss of earning capacity. Plaintiff is further entitled to recover any and all other general damages proximately caused by Defendant's negligence.

32.

Plaintiff is also entitled to recover other necessary expenses against the Defendant resulting from its negligence.

<u>TRIAL BY JURY</u>

WHEREFORE, Plaintiff prays as follows:

(a)   That process issue to Defendant as required by law;

(b)   That Plaintiff has judgment against Defendant, in an amount to be proven at trial, for past and future medical expenses;

(c)   That Plaintiff has judgment against Defendant in an amount to be determined at trial for past, present and future pain and suffering in an amount as determined by the jury at trial;

9

(d)     That Plaintiff has judgment against Defendant, in an amount to be determined by an enlightened conscience of a jury at trial, for reduced earning capacity and/or lost wages;

(e)     That Plaintiff be awarded reasonable attorney's fees;

(f)     That Plaintiff has a trial by jury on all issues so triable; and

(g)     That Plaintiff has such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted, this __8th__ day of July, 2024.

W. CALVIN SMITH, II, P.C.

Courtnee Hood
Georgia Bar #112437
*Attorney for Plaintiff*

W. Calvin Smith, II, P.C.
3560 Lenox Road, NE, Suite 3020
Atlanta, GA 30326
Phone: (404) 842-0999
Fax: (404) 836-3465
Email: chood@calvinsmithlaw.com

10

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV000913**
**7/26/2024 3:55 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

KELVIN CHAPPELL,
   Plaintiff.

     v.

FAMILY DOLLAR STORES OF
GEORGIA, LLC.,
   Defendant.

CIVIL ACTION FILE No: <u>24EV000913</u>

## RULE 5.2 CERTIFICATE OF FILING DISCOVERY
## AND CERTIFICATE OF SERVICE

     Pursuant to Superior Court Rule 5.2, this is to certify that I have this day served a

copy of **PLAINTIFF'S FIRST INTERROGATORIES, PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS, AND PLAINIFF'S FIRST

REQUEST FOR ADMISSIONS TO DEFENDANT FAMILY DOLLAR STORES OF

GEORGIA, LLC.** to Defendant at the following address:

          **Sean W. Martin, Esq. and Megan E. Harsh, Esq.**
          **125 Town Park Drive, Suite 300**
          **Kennesaw, GA 30144**
          swmartin@carrallison.com
          mharsh@carrallison.com

Respectfully submitted, this 26<u>th</u> day of July 2024.

          **W. CALVIN SMITH, II, P.C.**

          Courtnee Hood
          Georgia Bar #112437
          Attorney for Plaintiff

3560 Lenox Road, NE, Suite 3020
Atlanta, GA 30326
Phone: (404) 842-0999/Fax: (404) 836-3465
Email: chood@calvinsmithlaw.com